# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

RONALD F. PHILLIPS,

       Petitioner,

v.                                         Case No. 3:15-cv-602-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## <u>ORDER</u>

### I.   <u>Status</u>

Petitioner Ronald Phillips, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1; Petition) on May 8, 2015.[1] Phillips challenges 2007 state court (Duval County, Florida) convictions for robbery and kidnapping. The circuit court sentenced Phillips to incarceration for a term of thirty years as to the robbery conviction and life as to the kidnapping conviction.

The Petition raises seven grounds for relief. <u>See</u> Doc. 1 at 5-14.[2] Respondents filed a Response to the Petition. <u>See</u> Respondent's Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Doc. 14; Resp.) with exhibits

---

[1] <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference, the Court will cite the page number of the Petition assigned by the electronic docketing system.

(Resp. Ex.). Phillips filed a pro se Reply. <u>See</u> Motion: Traverse Reply to Respondent Response on Order to Show Cause for Suffcent [sic] Facts of Law (Doc. 20; Reply). This case is ripe for review.

## II.   <u>Relevant Procedural History</u>

On October 25, 2007, a jury convicted Phillips of robbery (count one) and kidnapping (count two). Resp. Ex. C at 59-60. On November 28, 2007, the circuit court sentenced Phillips as a Prison Releasee Reoffender (PRR) and a Habitual Violent Felony Offender (HVFO) to incarceration for a term of thirty years as to count one, with a fifteen-year minimum mandatory. <u>Id.</u> at 82-88, 161. The circuit court further sentenced Petitioner as a PRR to incarceration for a term of life as to count two. <u>Id.</u> at 82-88, 162. The First District Court of Appeal (First DCA) per curiam affirmed Phillips' convictions and sentences on August 11, 2009, without a written opinion. Resp. Ex. I. The Mandate was issued on November 9, 2009. Resp. Ex. L.

On October 4, 2010, Phillips filed a Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. Q at 1-12. After the state filed a response, but before the circuit court ruled on the Rule 3.850 Motion, Phillips filed a second Rule 3.850 Motion on January 26, 2011. <u>Id.</u> at 20-37. The circuit court denied the October 4, 2010 Rule 3.850 Motion on February 1, 2011. <u>Id.</u> at 40-46. Phillips filed a Motion for Rehearing on February 14, 2011. <u>Id.</u> at 48-55. The circuit court dismissed the Motion for Rehearing on January 23, 2012, stating it had not ruled on any of

Phillips' Rule 3.850 Motions.[3] Id. at 56-57. Thereafter, Phillips filed a third Rule 3.850 Motion on May 18, 2012. Id. at 60-87. The circuit court dismissed Phillips' January 26, 2011 and May 18, 2012 Rule 3.850 Motions on June 10, 2014. Id. at 107-10. The First DCA affirmed the circuit court's June 10, 2014 Order on October 6, 2014, without a written opinion. Resp. Ex. T. The Mandate was issued on December 11, 2014. Resp. Ex. W. On July 7, 2014, Phillips filed a Petition for Belated Appeal with the First DCA seeking review of the circuit court's February 1, 2011 Order. Resp. Ex. X. The First DCA denied Phillips' Petition for Belated Appeal on January 9, 2015. Resp. Ex. EE.

## III. **One-Year Limitations Period**

The Petition is timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV. **Governing Legal Principles**

### A. **Standard Under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

---

[3] It is unclear why the circuit court believed it had not ruled on Phillips' October 4, 2010 Rule 3.850 Motion when denying the Motion for Rehearing.

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." <u>Renico v. Lett</u>, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> [at 102] (citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. <u>See, e.g.</u>, <u>Mitchell v. Esparza</u>, 540 U.S. 12, 18 (2003); <u>Lockyer</u>, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

<u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

## B. Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (noting "that Boerckel applies to the state collateral review process as well as the direct appeal process.").

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the ""opportunity to pass upon and correct" alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state

> procedural rule. See, e.g., Coleman,[4] supra, at 747–748, 111 S. Ct. 2546; Sykes,[5] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause and prejudice,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[6] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

---

[4] Coleman v. Thompson, 501 U.S. 722 (1991).
[5] Wainwright v. Sykes, 433 U.S. 72 (1977).
[6] Murray v. Carrier, 477 U.S. 478 (1986).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## C. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an

objective standard of reasonableness and thereby prejudices the defense." Yarborough
v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510,
521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish
ineffective assistance, a person must show that: (1) counsel's performance was outside
the wide range of reasonable, professional assistance; and (2) counsel's deficient
performance prejudiced the challenger in that there is a reasonable probability that
the outcome of the proceeding would have been different absent counsel's deficient
performance. Strickland, 466 U.S. at 687.

Notably, there is no "iron-clad rule requiring a court to tackle one prong of the
Strickland test before the other." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010).
Since both prongs of the two-part Strickland test must be satisfied to show a Sixth
Amendment violation, "a court need not address the performance prong if the
petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v.
Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to
dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which
we expect will often be so, that course should be followed." 466 U.S. at 697.

"The question is not whether a federal court believes the state court's
determination under the Strickland standard was incorrect but whether that
determination was unreasonable - a substantially higher threshold." Knowles v.
Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any
reasonable argument that counsel satisfied Strickland's deferential standard," then a
federal court may not disturb a state-court decision denying the claim. Richter, 562

U.S. at 105. As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010). "Reviewing courts apply a 'strong presumption' that counsel's representation was 'within the wide range of reasonable professional assistance.'" <u>Daniel v. Comm'r, Ala. Dep't of Corr.</u>, 822 F.3d 1248, 1262 (11th Cir. 2016) (quoting <u>Strickland</u>, 466 U.S. at 689). "When this presumption is combined with § 2254(d), the result is double deference to the state court ruling on counsel's performance." <u>Id.</u> (citing <u>Richter</u>, 562 U.S. at 105); <u>see also</u> <u>Evans v. Sec'y, Dep't of Corr.</u>, 703 F.3d 1316, 1333-35 (11th Cir. 2013) (en banc) (Jordan, J., concurring); <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004).

## V.   <u>Analysis</u>

### A. Ground One

Phillips contends that the circuit court violated his federal right to due process when it prohibited Phillips from presenting testimony from Phillips' co-defendant, James Little, that Little had a prior relationship with the victim. Doc. 1 at 5. According to Phillips, the exclusion of the proffered testimony prohibited him from impeaching the victim's testimony that he did not know any of the co-defendants, and that none of the co-defendants had been to his home before the incident. <u>Id.</u> Furthermore, Phillips claims that this testimony would have supported his defense that the victim made a sexual advance towards him. <u>Id.</u>

At trial, Phillips attempted to elicit testimony from Little concerning this evidence; however, the prosecutor objected. Resp. Exs. E at 283-88; F at 293-95. After

hearing a proffer of the testimony and argument from counsel, the circuit court

sustained the objection, reasoning that:

> The entire history of Mr. Little's relationship with Mr. Mann is irrelevant to the events of that night, certainly the defense can put on the defense that he brought Mr. Phillips there because Mr. Mann asked to procure somebody to have sex with him that night is certainly material and relevant and admissible, but the litany of the relationship between Mr. Little and Mr. Mann is not necessary to prove any of that.

> . . . .

> I'm going to sustain the objection to the questions involving the past relationship between Mr. Little and Mr. Mann and any conversation they had about any of these subjects in the past or requests from Mr. Mann to Mr. Little about any sexual favors or anything like that.

> I'll overrule the objection as to whatever Mr. Mann told or asked Mr. Little on the evening of this incident and allow that. Really from the testimony kind of breaks down that way, I'll allow everything that happened that evening but not anything before then.

Resp. Exs. E at 285-86; F at 293. Phillips challenged the circuit court's ruling on direct

appeal. Resp. Ex. G at 8-11. The First DCA per curiam affirmed the circuit court's

ruling without a written opinion. Resp. Ex. I.

To the extent that the First DCA decided the claim on the merits,[7] the Court

will address the claim in accordance with the deferential standard for federal court

review of state court adjudications. After a review of the record and the applicable law,

---

[7] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Phillips is not entitled to relief on the basis of this claim.

Nevertheless, even if the First DCA's adjudication is not entitled to deference, this claim is without merit. Although the circuit court prohibited Little from testifying about his relationship and conversations with the victim prior to the night of the incident, the circuit court expressly allowed Little to testify about conversations and events that occurred on the night of the incident. Resp. Ex. F at 293. Further, Little testified that he knew the victim two to three months before the incident occurred and he had been to the victim's house prior to the incident. Resp. Ex. E at 283. Little also testified that the victim offered him money to find someone to have sex with him, and that it was Little's intention to present Phillips to the victim for this purpose. Resp. Ex. F at 296-97. Despite the circuit court's ruling, Little testified to each factual point that Phillips now claims he was prevented from presenting to the jury. Accordingly, this claim is without merit, and Ground One is denied.

**B. Ground Two**

Phillips asserts that the circuit court's denial of his Motion to Dismiss the Information was an abuse of discretion. Doc. 1 at 7. According to Phillips, both the original and amended Informations were unsupported by sworn testimony from a material witness. Id.

Phillips raised a similar issue on direct appeal. Resp. Ex. G at 12-17. The First DCA per curiam affirmed the denial of the Motion to Dismiss without a written opinion. Resp. Ex. I.

Respondents contend that this claim is based solely upon state law and is thus not cognizable for federal habeas relief. Doc. 14 at 21-23. In the alternative, Respondents aver that the claim is without merit. Id. at 23-24.

Initially, to the extent Phillips argues that the state court erred under Florida law, this assertion is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reemphasizing "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The requirement an information be supported by a sworn statement of a material witness is a matter governed by Florida procedural rules and statues. See Fla. R. Crim. P. 3.140(g); § 923.03, Fla. Stat. Thus, Phillips' allegations that the circuit court violated state law is not proper for the Court's consideration. See 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68. "The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction." DeBenedictis v. Wainwright, 674 F.2d 841, 842-43 (11th Cir. 1982).

While Phillips attempts to add a claim in his Reply that the circuit court lacked subject matter jurisdiction because of this alleged infirmity in the Information, see

Reply at 14, the Court need not consider this claim raised for the first time in his Reply brief. Phillips did not seek leave to amend his Petition to add a subject matter jurisdiction claim after Respondents filed their Response. See Fed. R. Civ. P. 15(a); see also Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018) (affirming district court's decision to not construe reply brief as a request for leave to amend § 2255 petition to add new claim as amendment would be untimely and futile); Garcia v. Sec'y, Dep't of Corr., No. 8:10-cv-2116-T-27MAP, 2013 WL 3776674, at *4-5 (M.D. Fla., July 17, 2013) (noting that habeas petitioner's new claim raised in his reply was not authorized, where the Rules Governing Habeas Corpus Cases Under Section 2254 required all grounds for relief to be stated in the petition, and petitioner failed to seek leave to amend his petition after a response had been served). The Court declines to construe this allegation to be a proposed amended petition or even a request to amend his Petition. Thus, to the extent Phillips attempts to add a subject matter jurisdiction claim, the Court need not address it.

To the extent Ground Two can be liberally construed as a federal constitutional challenge, this claim is unexhausted because Phillips did not present the federal nature of this claim to the state appellate court. Phillips raised this claim as issue two of his initial brief on direct appeal. Resp. Ex. G at 13-17. When briefing this issue, Phillips did not state or suggest that it was a federal claim about subject matter jurisdiction or any other federal constitutional guarantee. Id. Instead, Phillips argued, in terms of state law only, that the circuit court misinterpreted and misapplied Florida Rule of Criminal Procedure 3.140(g). Id. As such, Ground Two is unexhausted and

procedurally defaulted, and Phillips has failed to show cause for or prejudice from this procedural bar.

Nevertheless, assuming this claim is exhausted and properly presented to the Court, it is without merit. The Eleventh Circuit has explained:

> "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir.2009) (citation and quotations omitted). "In determining whether an indictment is sufficient, we read it as a whole and give it a 'common sense construction.' " *Id.* (citing United States v. Gold, 743 F.2d 800, 813 (11th Cir.1984) and United States v. Markham, *1260* 537 F.2d 187, 192 (5th Cir.1976)). "In other words, the indictment's 'validity is to be determined by practical, not technical, considerations.' " Jordan, 582 F.3d at 1245 (citing *Gold,* 743 F.2d at 812).

United States v. Schmitz, 634 F.3d 1247, 1259-60 (11th Cir. 2011) (footnote omitted).

The technical deficiency Phillips complains of did not confuse or inhibit him from raising a defense. The Informations clearly and correctly set forth the essential elements of each count, named Phillips as the accused, described the date and location of the offense, and stated the statutory basis for the offenses. Resp. Ex. C at 10-11, 20-23. Accordingly, in light of these practical considerations and when read as a whole the Information was legally sufficient to give the circuit court jurisdiction. See id.; DeBenedictis, 674 F.2d at 842-43; see also Fla. R. Crim. P. 3.140(o) ("No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or

15

of misjoinder of offenses or for any cause whatsoever, *unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.*") (emphasis added). For the above stated reasons, Ground Two is denied.

**C. Ground Three**

Phillips claims that the circuit court violated his right to a jury trial when it, rather than a jury, made the findings necessary to enhance his sentences. Doc. 1 at 8. Phillips appears to challenge his HVFO sentences under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Phillips initially raised this claim in a Florida Rule of Criminal Procedure 3.800(b)(2) Motion, which the circuit court denied. See State v. Phillips, 16-2006-CF-017283-CXXX-MA (Fla. 4th Cir. Ct.). He again raised the issue on direct appeal. Resp. Ex. G at 18-21. The First DCA per curiam affirmed the HVFO sentences without a written opinion. Resp. Ex. I.

To the extent the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceedings. Thus, Phillips is not entitled to relief on the basis of this claim.

Even if not entitled to deference, Ground Three is meritless. *"Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt."* Apprendi, 530 U.S. at 490 (emphasis added). Florida's HVFO designation is based on prior convictions. § 775.084(1)(b), Fla. Stat. Accordingly, as Apprendi specifically exempts prior convictions, Phillips claim is without merit. Apprendi, 530 U.S. at 490. Therefore, Ground Three is denied.

### D. Ground Four

Phillips argues that counsel was ineffective for failing to request a jury instruction for petit theft, a necessary lesser included offense of robbery. Doc. 1 at 10.

Phillips initially raised this claim in his original Rule 3.850 Motion. Resp. Ex. Q at 2-4. The circuit court denied the issue on the merits. Resp. Ex. Q at 40. Phillips, however, failed to appeal the circuit court's denial. Instead, Phillips again raised this issue in his amended Rule 3.850 Motions. Resp. Ex. Q at 21-23, 63-66. The circuit court dismissed the amended Rule 3.850 Motions as to this issue, finding it had addressed this issue in its previous order, and declining to address this claim a second time. Resp. Ex. Q at 107-10. Phillips appealed the circuit court's dismissal of his amended Rule 3.850 Motions and the First DCA affirmed. Resp. Exs. T; W.

Here, Respondents cite to the circuit court's denial of this issue on the merits and assert that the First DCA's adjudication is entitled to deference. Doc. 14 at 26-29.

However, because Phillips never appealed the circuit court's initial denial on the merits, the First DCA never adjudicated the issue on the merits. Thus, the Court cannot apply deference to the state court's denial of this claim on the merits.[8] See Williams v. Alabama, 791 F.3d 1267, 1273 (11th Cir. 2015) (noting that "[u]nder § 2254(d), AEDPA's deferential standard of review is limited to claims that have been 'adjudicated on the merits' in state court."). Nevertheless, despite these procedural shortcomings, the Court will address the claim de novo. Id. (citing Cone v. Bell, 566 U.S. 449, 472 (2009)) (explaining that "[i]f the state court did not reach the merits of a petitioner's claim based on some ground that is not adequate to bar federal review, we must review the claim de novo.").

Ground Four fails on the merits. Underlying Phillips' claim of prejudice is the idea that the jury would have found him guilty of petit theft had the instruction been included. However, the jury specifically found that the state proved each element of robbery beyond a reasonable doubt; therefore, Phillips' prejudice allegation relies solely on the concept of a jury pardon. The possibility of a jury pardon though does not establish prejudice under Strickland. See Sanders v. State, 946 So. 2d 953, 959-60 (Fla. 2006) (holding that although the failure to instruct the jury on a necessarily lesser-included offense can be per se reversible error on direct appeal, the mere

_____

[8] The Court notes that Phillips appears to claim that this issue is unexhausted. Doc. 1 at 11-12. However, the Court need not address Phillips' exhaustion assertion because Respondents did not advance it as a defense and the Court ultimately addresses the claim on the merits. See 28 U.S.C. § 2254(b)(2) ("an application for habeas corpus may be denied on the merits, notwithstanding a petitioner's failure to exhaust in state court.").

possibility that jury might have exercised its "pardon power" cannot support an ineffective assistance of counsel claim in a postconviction motion); Strickland, 466 U.S. at 694-95 (noting in determining whether prejudice exists, a court should presume the "jury acted according to the law," and "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed."). As Phillips cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails. See Ward, 592 F.3d at 1163. Accordingly, Ground Four is without merit and denied.

### E. Ground Five

Phillips raises three claims in Ground Five, all of which are associated with the reading of the principal instruction to the jury. Doc. 1 at 12.

### 1) Whether Counsel Failed to Object to Improper Comments

Phillips contends that counsel was ineffective for failing to object to portions of the state's closing arguments where the state argued that he was guilty pursuant to the principal theory. Doc. 1 at 12.

Respondents assert that this claim is unexhausted because Phillips never raised this issue in state court. Doc. 14 at 31-34. The Court notes that Phillips filed a Petition for Writ of Habeas Corpus with the First DCA, arguing appellant counsel was ineffective for failing to assert a claim on direct appeal that these comments constituted fundamental error. Resp. M at 17-26. However, Phillips never raised this specific constitutional claim in the context of ineffective assistance of *trial* counsel with

the state court. Accordingly, this claim is unexhausted and now procedurally defaulted. See Baldwin, 541 U.S. at 29; Boerckel, 526 U.S. at 845. Phillips has not alleged any cause or prejudice to overcome this procedural default. Likewise, he has not alleged that he has "new" reliable evidence of factual innocence and there is nothing in the record to suggest a miscarriage of justice will occur if the Court does not reach the merits of this claim. See Schlup v. Delo, 513 U.S. 298, 327 (1995).

Nevertheless, even if this claim was exhausted and not procedurally defaulted, it is still without merit. During closing arguments "a prosecutor may 'assist the jury in analyzing, evaluating, and applying the evidence' and, therefore, may 'urge[ ] the jury to draw inferences and conclusions from the evidence produced at trial." United States v. Adams, 339 F. App'x 883, 886 (11th Cir. 2008) (quoting United States v. Johns, 734 F.2d 657, 663 (11th Cir.1984)).

In its closing arguments, the state contended that there was sufficient evidence to establish that Phillips was guilty of each offense; however, in the alternative, it contended that the jury should apply the principal theory if it believed the state had not met its burden as to Phillips specifically. Resp. Ex. F at 357-58, 363, 374. The state noted that, at the very least, Little's actions established each element of counts one and two; therefore, the evidence was sufficient to convict Phillips under the principal theory because Phillips knowingly assisted Little in the commission of each offense. Id. Record evidence supports these statements.

During the trial, the victim identified Phillips as the man who restrained him as Little bound him with cords. Resp. Ex. E at 136-37, 156-61. The victim testified that

Phillips and Little ransacked his home and stole a number of items. Id. at 166-68, 175-79, 187-94. Miles Hooper, another co-defendant, testified that Phillips told him about Little's plan to rob the victim and that Phillips said he would help assist in the robbery. Id. at 235-36, 244-47. Hooper further stated that he saw Phillips carrying the victim's property out of the house to the car. Id. at 249-50. In light of the record evidence, the Court finds that the state's principal theory argument was a proper inference. Resp. Ex. F at 357-58, 363, 374; Adams, 339 F. App'x at 886. Therefore, any objection would have been meritless. Counsel is not ineffective for failing to raise a meritless claim. Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008). As such, this claim is denied.

**2) Whether the Circuit Court Erred in Reading the Principal Instruction**

Phillips argues the circuit court should not have given the principal instruction because the charging document never put him on notice that the state would try him as a principal. Doc. 1 at 12.

Phillips initially raised this claim in his original Rule 3.850 Motion. Resp. Ex. Q at 4-5. The circuit court denied this issue on the merits. Id. at 40. Phillips, however, failed to appeal the circuit court's denial. Instead, Phillips again raised this issue in his amended Rule 3.850 Motions. Id. at 23-24, 67-69, 103-05. The circuit court dismissed this issue, finding it was previously addressed, and declining to address this claim a second time. Id. at 107-10. Phillips appealed the circuit court's dismissal of his amended Rule 3.850 Motions and the First DCA affirmed. Resp. Exs. T; W.

Here, Respondents assert the First DCA's adjudication is entitled to deference. Doc. 14 at 29-31. However, because Phillips never appealed the circuit court's initial denial addressing this claim on the merits, the First DCA never adjudicated the issue on the merits. Thus, the Court cannot apply deference to the state court's adjudication. See Williams, 791 F. 3d at 1273. Nevertheless, despite these procedural shortcomings, the Court will address the claim de novo. Id.

The state was not required to allege in the Information that it would be trying Phillips under the principal theory. See State v. Roby, 246 So. 2d 566, 571 (Fla. 1971) (holding "it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding or abetting in its commission, so long as the proof establishes that he was guilty of one of the acts denounced by the statute."); see also United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) (holding "[a]iding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it.").

Moreover, to the extent Phillips takes issue with the reading of the principal theory generally, "[u]nlike state appellate courts, federal courts on habeas review are constrained to determine only whether the challenged instruction, viewed in the context of both the entire charge and the trial record, 'so infected the entire trial that the resulting conviction violate[d] due process.'" Jamerson v. Sec'y for Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005) (quoting Estelle, 502 U.S. at 72). "If there is no basis in the record for the instruction given, such error may raise a 'substantial and

ineradicable doubt as to whether the jury was properly guided in its deliberations,' and reversal may be required." <u>Pesaplastic, C.A. v. Cincinnati Milacron Co.</u>, 750 F.2d 1516, 1525 (11th Cir.1985) (quoting <u>McElroy v. Firestone Tire & Rubber Co.</u>, 894 F.2d 1504, 1509 (11th Cir. 1990)).

As noted above, there was sufficient evidence showing that Phillips participated in and assisted Little in carrying out the crimes. Resp. Ex. E at 136-37, 156-61,166-68, 175-79, 187-94, 235-36, 244-47, 249-50. Therefore, the circuit court did not err in reading the principal instruction to the jury. <u>Jamerson</u>, 410 F.3d at 688; <u>Pesaplasti, C.A.</u>, 750 F.2d at 1525. Furthermore, not only was there legally sufficient evidence to support a principal instruction, but there was legally sufficient evidence to convict Phillips without the use of the principal theory. Accordingly, this claim is denied.

### 3) Whether there was Error in the Verdict Form

Phillips contends that the use of a verdict form without a specific interrogatory concerning the principal theory was error. Doc. 1 at 12. Without such an interrogatory, Phillips claims he was unable to tell if the jury relied on this theory or not in convicting him. <u>Id.</u>

Respondents assert that this claim is unexhausted because Phillips never raised it in state court. Doc. 14 at 31-34. However, a review of ground two of Phillips' original Rule 3.850 Motion shows that Phillips did raise this claim in state court. Resp. Ex. Q at 4-5. The circuit court denied this claim on the merits in its February 1, 2011 Order. <u>Id.</u> at 40. Phillips, though, did not appeal the circuit court's denial on the merits. Phillips also raised this issue in his amended Rule 3.850 Motions; <u>see</u> <u>Id.</u> at

23-24, 67-69, 103-05; and the circuit court dismissed the issue, finding it was previously addressed, and declining to address this claim a second time. Id. at 107-10. The First DCA affirmed the circuit court's dismissal. Resp. Exs. T; W. As such, contrary to Respondents' assertion, this claim was raised in state court; however, the Court cannot apply deference either. See Williams, 791 F.3d at 1273. Nevertheless, the Court will address the claim on the merits. Id.

The Court finds Phillips is not entitled to relief. Phillips has not cited to any United States Supreme Court case showing that it is unconstitutional for a verdict form not to include an interrogatory on whether a jury is finding a defendant guilty as a principal or not. Doc. 1; Doc. 20. Without such clearly established federal law, Phillips is not entitled to federal habeas relief. 28 U.S.C. § 2254(d)(1). Furthermore, parsing out on a verdict form whether a jury convicted Phillips based on the principal theory or not would provide no legal basis to change the degree of the offense or the length of the sentence. See § 777.011, Fla. Stat. ("Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and *may be charged, convicted, and punished as such*, whether he or she is or is not actually or constructively present at the commission of such offense.") (emphasis added). Therefore, whether found guilty as a principal or otherwise, he was subject to the same conviction and sentence. Moreover, the evidence presented at trial supported either theory. Resp. E at 136-37, 156-61,166-68, 175-79, 187-94, 235-36, 244-47, 249-50.

Accordingly, regardless of the theory the jury relied on, there was legally sufficient evidence to convict Phillips. For these reasons, this claim is denied. Furthermore, for the reasons explained above, Ground Five is denied.

**F. Ground Six**

Phillips avers that counsel was ineffective for failing to file and argue a motion for judgment of acquittal as to the robbery charge once the state rested its case. Doc. 1 at 13. According to Phillips, the state failed to present any evidence that he physically stole anything from the victim; therefore, counsel should have moved for a judgment of acquittal. Id.

Phillips initially raised this claim in his original Rule 3.850 Motion. Resp. Ex. Q at 10-11. The circuit court denied the issue on the merits. Id. at 40. Phillips, however, failed to appeal the circuit court's denial. Instead, Phillips again raised this issue in his amended Rule 3.850 Motions. Id. at 30-34, 75-80. The circuit court dismissed the amended Rule 3.850 Motions as to this issue, finding it was previously raised, and declining to address this claim a second time. Id. at 107-10. Phillips appealed the circuit court's dismissal, and the First DCA affirmed. Resp. Exs. T; W.

Here, Respondents assert the First DCA's adjudication is entitled to deference. Doc. 14 at 36-37. However, because Phillips never appealed the circuit court's initial denial, the First DCA never adjudicated the issue on the merits. Thus, the court cannot apply deference in this situation. See Williams, 791 F.3d at 1273. Nevertheless, despite these procedural shortcoming, the Court will review the claim de novo. Id. at 1273.

In reviewing the sufficiency of the evidence, trial courts must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Gudinas v. State, 693 So. 2d 953, 962 (Fla. 1997) (quoting Taylor v. State, 583 So. 2d 323, 328 (Fla. 1991)) (holding a motion for judgment of acquittal should not be granted unless "there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law.").

As explained above, the state presented evidence that Phillips helped plan and participate in the robbery, and eyewitnesses identified Phillips as ransacking the house and carrying stolen goods. Resp. Ex. E at 166-68, 175-79, 187-94, 235-36, 244-47, 249-50. When viewed in a light most favorable to the state, there was sufficient evidence to send the case to the jury. Even assuming Phillips contention is true that there was no evidence of Phillips physically carrying items from the house, under the principal theory the case should have been presented to the jury. See § 777.011, Fla. Stat. To the extent Phillips attacks the reliability of the testimony of the victim or Hooper, such an argument is not persuasive because "[t]he fact that the evidence is contradictory does not warrant a judgment of acquittal because the weight of the evidence and the witnesses' credibility are questions solely for the jury." Fitzpatrick v. State, 900 So. 2d 495, 508 (Fla. 2005). As such, any motion for judgment of acquittal would have failed. Therefore, counsel cannot be ineffective for failing to raise a meritless argument. Freeman, 536 F.3d at 1233. Accordingly, Ground Six is denied.

## G. Ground Seven

Lastly, Phillips claims that counsel was ineffective for failing to object to prosecutorial misconduct. Doc. 1 at 14. Specifically, Phillips asserts the prosecutor's comments during closing arguments that suggested his testimony was not credible because he had an opportunity to listen to every witnesses' testimony prior to his own testimony was improper. Id. As such, Phillips contends counsel should have objected. Id.

Respondents contend that this claim is unexhausted and procedurally barred because it was never presented in state court. Doc. 14 at 37. Phillips admits he did not exhaust these claims, but requests that the Court excuse the procedural default pursuant to Martinez, 566 U.S. 1.

Under Martinez, Phillips must demonstrate more than the general assertion that the circuit court did not appoint counsel in the initial-review collateral proceeding. Martinez, 566 U.S. at 14. Phillips must "also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. (citations omitted); see also Lambrix v. Sec'y, Fla. Dep't of Corr., 851 F.3d 1158, 1164 (11th Cir. 2017).

Ground Seven is not a substantial claim because it is meritless. See Portuondo v. Agard, 529 U.S. 61 (2000) (holding that the prosecutor's comments during summation, calling jury's attention to fact that petitioner had opportunity to hear other witnesses testify and to tailor his testimony, did not unlawfully burden his right

to be present at trial, to be confronted with witnesses, or to testify on his own behalf and did not violate his right to due process); <u>Mendoza v. State</u>, 93 So. 3d 441 (Fla. 1st DCA 2012) (agreeing with rationale of <u>Portuondo</u>).

During closing arguments, the prosecutor stated the following:

> And another thing, when you're considering what the defendant told you all on the stand yesterday, please remember that all of the other witnesses were not in here throughout the trial. They were outside. They came in one by one and they sat up there and they came from over there, if they were Miles Hooper and James Little, sat up there and answered our questions. The only person that was in here to listen to what everyone had to say was the defendant. He spoke to you last and he spoke to you after every other witness had testified and given their version of the stories.

Resp. Ex. F at 392-93. This line of argument is exactly the type of argument the Supreme Court found to be permissible in <u>Portuondo</u>. Accordingly, any objection would have been meritless, and counsel cannot be ineffective for failing to raise a meritless issue. <u>Freeman</u>, 536 F.3d at 1233. Therefore, Phillips has failed to show cause for his failure to exhaust this claim. Phillips has also failed to demonstrate "actual innocence" or identify any fact warranting the application of the fundamental miscarriage of justice exception. Ground Seven is denied.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.     The Petition (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2.     The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.      If Phillips appeals this Order, the Court denies a certificate of appealability.  Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August, 2018.

*Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-8
C:      Ronald F. Phillips, #074430
        Counsel of record

---

[9] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Phillips "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.